C. S. DESKY, doing Business under the Name of BRUCE WARING & COMPANY *v.* MRS. THOMAS LACK.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED MARCH 29, 1898.        DECIDED APRIL 27, 1898.

JUDD, C.J., FREAR AND WHITING, JJ.

Plaintiff had a lease of the lower floor and basement of a building. A leak from a W. C. in the upper story of the building had existed for some time owing to the defective condition of the closet. The water percolated through the floor to plaintiff's premises. On the night of May 31 an overflow of water from the bowl of the W. C., owing to the clogging of the discharge pipe, occasioned damage to plaintiff. The defendant had notice of the W. C.'s needing repairs, but failed to repair. There was nothing to indicate to plaintiff that the overflow would take place the night that it did. Shutting off the water from the entire building by a cock in the basement, of which the plaintiff had knowledge, would have prevented the overflow, but it would have prevented also the use of the closet and of water for other purposes, by the plaintiff and other tenants.

Held, that the failure of plaintiff to close the basement cock was not contributory negligence. Judgment reversed and a new trial ordered.

OPINION OF THE COURT BY JUDD, C. J.

This case comes to us on exceptions to the refusal of the trial court to set aside the judgment as being contrary to law, the evidence and weight of evidence.

Following is the decision of the court containing the findings of fact and the rulings of law:

"In the District Court of Honolulu judgment was rendered for the defendant on a motion to non-suit the plaintiff, and the case comes to this court on appeal.

"The case being tried jury waived I find the following facts:

"The plaintiff leased the ground floor and basement of a building owned by defendant at No. 413, Fort Street, covenanting inter alia to make all necessary repairs on the demised. premises.

"Part of the upper floor of the building was leased to a Mr Howard, and on that same floor was a water closet of which both the tenants had the use but which was not included in the lease to either. On the night of the 31st day of May, 1897, owing to the closet being extremely out of repair, it overflowed, and the water soaked through the ceiling upon the goods of the plaintiff causing the damage for which this suit is brought. The plaintiff claims that it was the duty of the defendant to attend to said closet and keep the same in good order so that no damage might happen to the goods of the plaintiff, and that the damage was caused by her neglect to perform this duty.

The defendant claims that there was no duty cast upon her to repair the closet inasmuch as the plaintiff had covenanted to repair. The plaintiff's covenant under the lease refers merely to the premises demised to him, to wit the ground floor and basement and he was certainly under no obligation to repair the closet. Though the tenants had by indulgence the use of the closet as appurtenant to the demised premises, it still remained in the possession and under the control and supervision of the defendant: it was her duty to see that it should not damage the goods of the tenants by reason of being in a defective condition. The fact that the defendant upon being notified of the state of

the closet sent plumbers to examine it is an admission that she was obliged to keep it in repair. Though the tenants were allowed to use the closet, as also the common staircase, the liability rested upon the defendant to use reasonable care to keep it in repair and, failing to do so, she would be liable for damage resulting to the plaintiff or his property.

Shear. & Red. on Neg. Sections 722-724 and cases cited in the notes.

*Looney v. McLean,* 129 Mass. 33.

*Toole v. Beckett,* 67 Me. 545.

*Watkins v. Goodall,* 138 Mass. 533.

*Donohue v. Kendall,* 50 N. Y. Super. Ct. 386, 12 Am. & Eng. Ency. p. 686.

*Jones v. Freidenburg,* 66 Ga. 505, 12 Am. & Eng. Ency. p. 687.

"Where it is held that the landlord is liable to his tenant for damages to the latter's goods from careless use of a bathroom and water closet which is appurtenant to a part of the premises demised and which is under the control of the landlord. In the present case the defendant denies that she exercised any control or supervision over the premises, but the evidence shows that she did so and had access to the same for the purpose of repair, etc.

"It appears from the evidence that the leaking had been going on for some little time and the defendant had been notified of it by the plaintiff and had sent plumbers to examine and report to her the state of the closet as early as May 22nd. By them she was informed that the closet needed immediate attention and that injury was liable to occur at any time. In spite of this knowledge she made no repairs till after the damage had occurred. If the case rested here the defendant would be clearly liable for the damage caused, and if this case could be decided by sentiment such might be the judgment of this court, as the evidence discloses the highest degree of negligence and wanton carelessness on the part of the defendant; but the defendant claims further that if the duty was cast upon her to

repair the closet the plaintiff was guilty of contributory negligence which bars his right to recovery.

"The evidence shows that some six months prior to May 31st another overflow occurred on which occasion a night patrolman turned off the water by means of a cock situated in the basement leased to plaintiff. Mr. Weedon, the plaintiff's confidential clerk and manager of this office, was present at the time and had knowledge of the existence of this cock and of the fact that the water could thus be turned off. The leaking during the few days before May 31st had been considerable and the plaintiff and Mr. Weedon had been obliged to put a cuspidor on the floor of their premises to catch the water as it dripped from the floor above. They thus had full knowledge of the dangerous condition of the closet and yet neglected to turn off the water by means of this cock which was on their premises and within their control. At the trial Weedon admitted knowledge of the existence of the cock, but both he and the plaintiff claimed that their duty was to notify the defendant and not to turn off the water. They further admit that they continued to use the closet all the time until the overflow occurred, and this when they had to collect the water flowing from it by placing a cuspidor below. In both these particulars the plaintiff and his employees were guilty of negligence with contributed to the damage which resulted from the overflow. The plaintiff equally with the defendant was bound to use diligence to guard against injury. The want or omission on either side of such care, caution, attention or discretion would constitute negligence. Even where the defendant is guilty of negligence, if it appears that the plaintiff was guilty of contributory negligence he cannot recover.

Shear & Red. on Neg. Section 61,

*Priest v. Nicholls*, 116 Mass. 401,

*Taylor v. Bailey*, 74 Ill. 178,

*Moore et al v. Goedel*, 34 N. Y. 535, (in many respects similar to the case at bar).

"In the latter case it is held 'the plaintiffs had no right of recovery if their negligence contributed to the loss, and that it

did so was apparent from the uncontradicted evidence. The damage was from an overflow of water. They had control of the main cock intended as a means of shutting off the water from the building; they neglected those means.' It is a matter to be regretted that the plaintiff rested satisfied with merely notifying the defendant of the necessity of repairs. The case is not without difficulty and the court regrets that it has not had the assistance of counsel on the points of law involved, but upon the facts as found and view of the law taken by the court, judgment must be rendered for the defendant. Let judgment be entered accordingly."

We are of opinion that the findings of fact are substantially correct and that the rulings of law also are correct so far as they hold the defendant primarily liable for the injury. But we find error in the last part of the decision as regards the alleged contributory negligence of the plaintiff. Conceding that the leak might have been stopped by the plaintiff by turning the stop sock in the basement and thus shutting off the water from the entire building, was this act one that a person of ordinary care and caution should have exercised under the circumstances? There is some evidence that the leak from the closet had continued for several months and there is evidence that notice of this and the defective condition of the closet had been given to defendant, but there is no evidence that the leak from the defective closet had increased shortly before the injury complained of in such a way as to indicate to a person of ordinary care that an overflow was likely to occur on the night that it did. That the overflow might occur at any time, day or night, whenever the discharge pipe should become clogged is evident. The handle of the closet was kept raised and the water was kept running into the bowl to prevent overflow. If the plaintiff had shut the water off by turning the basement cock he would have stopped his own and other tenants' use of the closet and of other use of water in the building, indefinitely, or until the defendant had chosen to make the necessary repairs. We do not think this was a reasonable requirement. It might have made plaintiff

liable to the other tenants by depriving them of an important privilege. The overflow which had occurred six months previous to that in question, was not occasioned from the defective closet, but by the leakage from another pipe put in by the other tenant. We find nothing in the evidence to indicate that a person of ordinary care and prudence would have closed the basement cock and kept the water shut off until repairs were made. The proximate and immediate cause of the injury was the overflow of water from the defective closet, the duty to repair which was upon the defendant and she is responsible for the injury occasioned.

In the case mainly relied on by the lower court, *Moore v. Goedel*, 34 N. Y. 535, the facts were far different from the present one, and this may be said of the other cases cited by defendant's counsel.

We hold as a matter of law that the failure of plaintiff to shut off the water by the basement cock was not contributory negligence. We reverse the judgment excepted to and order a new trial.

*J. A. Magoon* and *R. D. Silliman* for plaintiff.
*Geo. A. Davis* for defendant.