James Powers, Appellant, v. Des Moines City Railway Co.

**New trial:** SUFFICIENCY OF MOTION. Where a motion for new trial unequivocally calls attention to the matter in which it was claimed error was committed, it is not too indefinite to require consideration; as where the motion called attention to the error in directing a verdict, because of insufficient evidence of freedom from contributory negligence, refusal to grant the motion on that ground is subject to review.

**Same:** APPEAL FROM RULING ON MOTION: WHAT ERRORS MAY BE REVIEWED. An error may be reviewed on appeal from the ruling on a motion for new trial, although it might have been corrected on an appeal from the judgment.

**Street railways:** PERSONAL INJURY: CONTRIBUTORY NEGLIGENCE. A pedestrian having once looked and observed an approaching street car some distance away, has the right to assume, in attempting to cross the street to board the same, that it is running at a lawful rate of speed; and if, as a matter of fact, he has sufficient time to safely cross the street if the car is being operated at lawful speed, he is not chargeable with negligence, as a matter of law, in attempting to make the crossing, unless he subsequently becomes aware that it is running at a great speed.

**Same.** In the absence of any direct evidence as to the circumstances of the accident, the presumption that plaintiff was exercising care for his own safety, would justify a finding that he proceeded with due care and caution, and negative any assumed knowledge that the car was running at an unlawful speed.

**Same.** While one about to cross a street car track, in front of an approaching car, cannot rely upon close calculations as to his safety, and accept an imminent danger, still mere error of judgment on the part of one exercising reasonable care, does not conclusively prove contributory negligence.

**Same.** One who has observed an approaching street car and under all the circumstances is justified in thinking he can safely cross the track in front of it, but is injured in attempting to do so by reason of the unlawful speed of the car, is not conclusively precluded from recovering by proof that if he had looked just before crossing the track, he might have discovered the danger and avoided the accident.

**Same:** LAST CLEAR CHANCE. One whose contributory negligence continues up to the very moment of his injury, is not entitled to have his case submitted under the doctrine of the last clear chance.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

FRIDAY, JULY 2, 1909.

IN an action to recover damages for personal injuries received by plaintiff through the negligence of the defendant in so operating one of its electric street cars that plaintiff was struck thereby while crossing a street in the city of Des Moines, the court at the conclusion of the evidence directed a verdict for defendant, and after the overruling of a motion for new trial the plaintiff appealed from the ruling on such motion.

*Ludolph & Reynolds* and *Sullivan & Sullivan,* for appellant.

*N. T. Guernsey* and *Parker, Hewitt & Wright,* for appellee.

McCLAIN, J.—I.   It is first insisted for appellee that this court is without jurisdiction to entertain the appeal, because it was not taken within six months from the date of the final judgment.   It appears that on February 19, 1906, a verdict for defendant was returned by the jury under the court's direction, and final judgment was rendered on that date and that within the statutory period allowed for the purpose a motion for new trial was filed which was not ruled upon until December 13th following, when it was overruled.   Appeal was taken from this ruling within six months, and, if there was any error in overruling the motion which can be considered on an appeal, we may properly reverse on that ground, although such time had elapsed after the rendition of the judgment that errors in directing the verdict and entering judgment in pursuance of such verdict can not be considered.

First it is insisted that the motion for new trial was too indefinite to properly bring to the attention of the court any error committed in directing the verdict and rendering judgment thereon; but in the mo-

1. NEW TRIAL: sufficiency of motion.

tion for a new trial the court's attention was directed in various forms to the alleged error of the court in directing a verdict on the ground that the evidence conclusively showed such contributory negligence on plaintiff's part as to defeat his right to recover, and the trial court in ruling on the motion indicated that its action was based on the ground of want of evidence to show plaintiff's freedom from contributory negligence. We are not disposed to resort to any purely technical tests for the purpose of determining whether a question is sufficiently raised by a motion for new trial.   If the motion unequivocally calls the attention of the court to the respects in which it is claimed error was committed, it is sufficient to invoke the action of the trial court.   Under Code, section 4101, an order granting or refusing a new trial is expressly made appealable; and by Code, section

3755, paragraph 8, "error of law occurring at the trial, excepted to by the party making the application," is expressly made a ground for granting a new trial. If, then, the court's attention was directed by the motion for new trial to error committed in directing a verdict on account of want of evidence of plaintiff's freedom from contributory negligence, the court's action in refusing to grant a new trial on that ground is subject to review.

In the second place, it is said that, while in general a ruling on a motion for new trial may be reviewed on an appeal taken within six months, yet if the error thus relied upon inheres in the judgment itself, from which no appeal has been taken within six months, such error can not be taken advantage of on the appeal from the ruling refusing a new trial; in other words, if the error might have been corrected on an appeal from the judgment, it can not be corrected on an appeal from a ruling on a motion for a new trial based on that ground. This contention is predicated on the opinion of this court in *McLaughlin v. Hubinger Bros.*, 135 Iowa, 595. That case has been overruled in *Mueller Lumber Co. v. McCaffrey*, 141 Iowa, 730, in which it is held that errors of law assigned in a motion for new trial may be considered on an appeal from an order of the court overruling such motion, although the same errors might have been taken advantage of on appeal from the judgment itself. It had already been held by this court (*In re Bishop's Estate*, 130 Iowa, 250), that the time within which an appeal may be taken from an order denying a new trial does not commence to run until the actual entry of the order, and that on such appeal errors involved in the ruling might be considered, although final judgment had already been entered. We are therefore at liberty to consider on this appeal any question properly raised by the motion for new trial, although the same question might have been raised by an

2. SAME: appeal from ruling on motion: what errors may be reviewed.

appeal from the judgment, had such appeal been prosecuted in time.

II.   The evidence tends to show that, just before the accident resulting in the injury to plaintiff for which he seeks to recover, plaintiff and two companions were waiting at the southeast corner of Grand Avenue

3. STREET RAIL-
WAYS: personal
injury: con-
tributory neg-
ligence.

and Tenth Street, in Des Moines, for a car going west on Grand Avenue, and that when they saw a car coming west which did not turn up Ninth Street they supposed it to be the car which they desired to take, and proceeded to cross the street diagonally to the northwest; it being necessary to do so in order to enter from the north side of the car at its proper stopping place on the west side of the street. Plaintiff was about three feet behind his companions, and, although they crossed the street in safety, plaintiff was struck while over the north rail and severely injured. The car was in fact not one on which passengers were being received, but was proceeding to the car barns, and there was no occasion for it to stop for the purpose of taking passengers at this street crossing. The negligence alleged as against defendant was in operating the car at too high a rate of speed, in not sounding any gong by way of warning to plaintiff of the approach of the car, and in not slacking the speed of the car after danger to plaintiff became apparent. For the purpose of discussing the alleged error in directing a verdict for want of evidence of plaintiff's freedom from contributory negligence, we may assume that the record shows that there was a question for the jury under the evidence with reference to defendant's negligence. It appeared in the evidence that by ordinance the speed of street cars in the city of Des Moines was limited to eight miles per hour in the business portions of the city, and to twelve miles per hour in all other portions, and that Grand Avenue between Ninth and Tenth Streets is a part of the business portion of the city; and

it further appeared that the car which struck plaintiff ran from Ninth to Tenth Street at a speed of from eighteen to twenty miles per hour. The unlawful speed at which the car was being operated has a bearing upon the question of plaintiff's contributory negligence, for he had a right to assume when he started to cross the street, having seen the car approaching a block away, that it was running at a lawful rate of speed, and, if he could cross the track in safety before the car could reach him coming at that rate of speed, he was not chargeable with contributory negligence, unless he had become aware that it was running at a higher rate of speed. It was necessary for plaintiff to walk only about thirty feet in a diagonal direction to cross the track, and it is not contended that, had the car been approaching at a speed not exceeding eight miles an hour, he would not have been across the track and out of danger before the car reached the street crossing.

The general claim for defendant made in argument is that plaintiff must have known that the car was coming at a rapid rate on account of the dust and noise to which his companions, as witnesses, testified, and that it was his duty to look out for danger before he went upon the track; but, if, as a matter of fact, plaintiff, having observed the car a block distant, proceeded to do that which would have been safe if the car was going at a lawful rate of speed, it certainly was not conclusively contributory negligence on his part that he did not stop before reaching the track to make another observation of the car, unless he was aware that the danger was greater than that which he had cause to anticipate from his first observation. Plaintiff was not a witness, because his condition was such by reason of the injuries received in this accident that he could not testify. His companions preceded him, and had no means of knowing, nor did they attempt to testify, as to whether he stopped or looked again after leaving the

curbing at the south side of the street.  We are without evidence therefore as to the material fact whether plaintiff did become aware of the approach of the car at a rate of speed rendering the crossing of the track dangerous. If he was not bound to stop and look after first observing the distance of the car, then the mere fact that by reason of the high and unlawful speed at which the car was running he was struck does not conclusively establish contributory negligence on his part.

The presumption of the exercise of care for his own safety on the plaintiff's part after leaving the curbing, in the absence of any evidence whatever with reference to the matter, would justify a finding that he proceeded with due care and caution, and **4. Same.** would tend to negative any assumed knowledge that the car was running at an unlawful rate of speed.  In the absence of direct evidence as to the circumstances of the accident bearing upon the question of contributory negligence, this presumption is entitled to weight.  *Christopherson v. Chicago, M. & St. P. R. Co.,* 135 Iowa, 409; *Bell v. Incorporated Town of Clarion,* 113 Iowa, 126; *Ames v. Waterloo & C. F. R. Co.,* 120 Iowa, 640; *Goff v. St. Louis Transit Co.,* 199 Mo. 694 (98 S. W. 49, 9 L. R. A. (N. S.) 244).  Plaintiff's companions did not see him from the time he left the curbing following them across the street until they had reached a position of safety and plaintiff had been struck by the car while crossing the north rail of the track.

It is true, as said in the *Ames* case, *supra,* that one about to cross a street car track, although he has a right to be in the street, can not depend upon nice calculations as to his safety and accept an imminent **5. Same.** danger; but it is also true that a mere error of judgment on the part of one who is exercising reasonable care for his own safety, resulting in an injury, does not conclusively prove contributory negligence.  *McClain*

*v. Brooklyn City R. Co.,* 116 N. Y. 459 (22 N. E. 1062). The question as to plaintiff's contributory negligence should have been submitted to the jury.

We have recently considered cases very similar to this, and the conclusion which we now reach finds ample support in these cases.    If, under the circumstances as

6. Same.

they reasonably appeared to him, plaintiff was justified in thinking that he could cross the track in safety, and he was in fact injured by reason of the improper speed at which the car was operated, his right to recover is not conclusively negatived by proof that, if he had looked just before coming into the immediate proximity of the track, he might have discovered his danger and avoided it.    *Ward v. Marshalltown L. P. & R. Co.,* 132 Iowa, 578; *Perjue v. Citizens' Elec. L. & B. Co.,* 131 Iowa, 710; *Christopherson v. Chicago, M. & St. P. R. Co.,* 135 Iowa, 409.    This conclusion is supported by decisions in other states.    See, *Chauvin v. Detroit United R.,* 135 Mich. 85 (97 N. W. 160); *McQuiston v. Detroit Citizens' St. R. Co.,* 147 Mich. 67 (110 N. W. 118); *Omaha St. R. Co. v. Mathiesen,* 73 Neb. 820 (103 N. W. 666).    Many cases from other states are called to our attention in appellee's argument which have more or less bearing upon this case, and some of them, no doubt, are inconsistent with the conclusion which we have indicated; but, as we are content to follow the reasoning in our own recent cases, we need not discuss them. The cases of *Beem v. Tama & T. El. R. & L. Co.,* 104 Iowa, 563, and *Ames v. Waterloo & C. F. R. I. Co.,* 120 Iowa, 640, are distinguished from the cases already cited on the plain ground that the person injured was not exercising any care whatever as to his own safety, and that fact appeared without controversy in the record.

III.    The motion for new trial also raised the question whether there was not such evidence in the record as to require an instruction to the jury as to the doctrine of the

last fair chance.   The plaintiff was not entitled to a sub-
mission of the question of defendant's lia-
7. SAME: last bility on the principle that defendant's em-
clear chance.
ployee should have discovered and might have
averted the injury to plaintiff, notwithstanding plaintiff's
contributory negligence, if the contributory negligence of
the plaintiff continued up to the very moment of his in-
jury.   Without elaboration, it is sufficient to say that, under
the record as presented, the court was not bound to sub-
mit to the jury the question of defendant's liability under
the doctrine of the last fair chance.   The duty of the
defendant's employee to avoid the injury to the plaintiff
approaching its track was no greater than the duty of the
plaintiff to avoid injury from the approaching car, and
these duties were concurrent and continuous up to the
moment of the accident.   If it should be found by the jury
that plaintiff was guilty of contributory negligence in fail-
ing to look out for the approaching car before he stepped
upon the track, then the defendant could not be held liable
for negligence of its employee in failing to avoid injury to
plaintiff at that time.

For the error pointed out in the second division of
this opinion, the judgment is *reversed*.