## HENRY T. HUGHES *v.* DANIEL P. McGREGOR.

## No. 900.

### ERROR TO CIRCUIT COURT, FIRST CIRCUIT.

### HON. T. B. STUART, JUDGE.

ARGUED FEBRUARY 17, 1916.            DECIDED FEBRUARY 19, 1916.

### ROBERTSON, C.J., WATSON AND QUARLES, JJ.

APPEAL AND ERROR—*instructions—directed verdict.*

   Where there is any doubt as to the proximate cause of an injury for which damages are sought, or such injury may have resulted from one of two or more acts of negligence, the question of proximate cause should be left to the jury, and it is error in such case to instruct the jury to find for the defendant.

SAME—*same—same—new trial.*

   Where there is, in an action to recover damages for an injury alleged to have been sustained by plaintiff through the negligent acts of the defendant, evidence from which the jury might find the defendant negligent as alleged, it is error to instruct the jury to find for the defendant, and where so instructed, a new trial will be granted.

NEGLIGENCE—*contributory negligence by plaintiff—last clear chance.*
Although plaintiff may have been guilty of negligence that con-
tributed to the injury of which he complains, yet, if the defendant
could have avoided the injury by the use of reasonable care, it
was his duty to do so, failing which duty a verdict against him
is authorized.

### OPINION OF THE COURT BY QUARLES, J.

This cause comes here upon writ of error. Plaintiff as-
signs seven errors, the first three of which relate to lengthy
remarks made during the progress of the trial by the court,
in the presence of the jury, which were to some extent in
the nature of comment upon evidence introduced. The
remaining assignments of error are to the action of the
court in directing the jury to find for the defendant, to
the verdict and judgment thereon, on the grounds that such
direction, verdict and judgment are contrary to law, con-
trary to the evidence and to the weight of the evidence.

The reporter's transcript of the evidence and proceedings
covers 170 pages of typewriting. The evidence, briefly sum-
marized, shows, among other facts, the following: On the
night of June 26, 1914, near the hour of midnight, two
traffic officers, Chilton and Ferry, stopped an automobile
(car 822), which was traveling on the mauka side of
Kalakaua avenue without lights; soon afterwards these
officers saw two cars (No. 600, belonging to the plaintiff,
and No. 1602, belonging to the defendant) approaching rap-
idly on the same side of this highway, being, when first seen
by said officers, about three-eighths of a mile distant; the
officers ran towards the approaching cars to signal them
to stop, Ferry going about 125 feet farther than Chilton;
Chilton signalled plaintiff's driver, one Aylett, to stop and
he did stop about eighty feet from car 822; Ferry signalled
defendant to stop his car, but he did not do so, and while
traveling at a rapid rate of speed, estimated by Chilton to
have been from twenty-five to thirty miles per hour when
it passed him, having at the time one wheel locked, ran into

the plaintiff's car, damaging it. Ferry testified that defendant's car was traveling thirty miles or more an hour when it passed him. The evidence tends to show that the defendant was intoxicated at the time; that Kalakaua avenue is divided in the middle by a strip of parking, and on the mauka side, where the accident occurred, the traveled portion of the highway is twenty-two feet in width. There was evidence tending to show that the brake on defendant's car was not in good condition at the time and it only locked one of the hind wheels; that if the brake had been in good condition the defendant's car could have been stopped within thirty feet after applying the brake. Upon these points the evidence was conflicting. The evidence shows that at the time of the accident the makai side of Kalakaua avenue was in bad condition and travel in the direction of Waikiki was confined to that portion of the highway mauka of the parking. When the evidence on behalf of the plaintiff closed the defendant moved for a nonsuit, which was denied. The defendant testified in his own behalf, and introduced other witnesses, but before closing his case the trial court, on its own motion, directed the jury to find for the defendant.

From remarks made by the trial court during the progress of the trial the learned circuit judge seems to have been of the opinion that a number of causes contributed to and brought about the injury to plaintiff's car, that is to say: negligence of the city and county in permitting that portion of said highway makai of the parking to be in such condition that it could not be safely traveled; negligence of the officers in stopping car 822 and permitting it to remain on that portion of said highway mauka of the parking; negligence of the driver of plaintiff's car in stopping it without signalling to defendant; and negligence on the part of the defendant. Where one of two or more acts of negligence may be the proximate cause of an injury, or where there is any doubt as to the proximate cause, the

question is to be left to the jury (*Ward* v. *I. I. S. N. Co.,* 22 Haw. 66; *same case,* 22 Haw. 488; *Martin* v. *Wilson, ante* p. 74). The facts and circumstances as disclosed by the evidence would have supported a finding that the defendant was guilty of negligence, which was the proximate cause of the injury. The rate of speed at which the defendant was traveling; his condition as to being drunk or sober; the attending circumstances which would have enabled a reasonably prudent man driving the defendant's car to have prevented, or to have been unable to prevent, the accident, such as the condition and width of the road, the presence or absence of light, the presence or absence of other vehicles on the highway at the time, the condition of the defendant as to being drunk or sober, the condition of his machine, his ability to stop it quickly, and the rate of speed under which he was traveling under all the circumstances at the time, all matters of fact, should have been determined by the jury under proper instructions, and it was error to direct the jury to find for the defendant.

If it be conceded for the purpose of this discussion that the driver of plaintiff's car was guilty of negligence that contributed to the injury to plaintiff's car, yet, if the jury should have found that under all of the circumstances the defendant could by reasonable care have avoided the accident it was his duty to do so, failing which a verdict against him would have been authorized (*Ferreira* v. *H. R. T. & L. Co.,* 16 Haw. 615; *Robinson* v. *H. R. T. & L. Co.,* 20 Haw. 426). The record does not disclose, as matter of law, the non-liability of the defendant.

The judgment is reversed with cost to the plaintiff in error and the cause remanded to the circuit court for further proceedings consistent with the views herein expressed.

*R. J. O'Brien* (*E. C. Peters* with him on the brief) for plaintiff in error.

*L. L. Burr* (*C. H. McBride* on the brief) for defendant in error.