## JOHN FERRAGE *v.* HONOLULU RAPID TRANSIT AND LAND, COMPANY, A CORPORATION.

### No. 1043.

ERROR TO CIRCUIT COURT, FIRST CIRCUIT.
HON. C. W. ASHFORD, JUDGE.

ARGUED NOVEMBER 13, 1917.          DECIDED NOVEMBER 28, 1917.

ROBERTSON, ·C.J., QUARLES AND COKE, JJ.

NEGLIGENCE—*proximate cause—question for court or jury.*
    Where the facts are undisputed and but one reasonable inference can be drawn therefrom it is the duty of the court to pass on questions of negligence, contributory negligence and proximate cause as questions of law.

SAME—*automobiles—duty of driver at street crossings.*
    The duty to observe ordinary care requires that the driver of an automobile must anticipate the possibility of meeting pedestrians or other vehicles at street crossings and have his machine under such control as, may be necessary to avoid collision. The mere sounding of a horn is not a sufficient precaution when the circumstances demand that speed be slackened or the machine be stopped.

SAME—*contributory negligence—the last clear chance.*
    Where the evidence shows negligence on the part of both plaintiff and defendant, in order that the rule of "the last clear chance" may be applied, the plaintiff either must have been in actual peril and unable to extricate himself, or in immediate danger of getting into peril to the knowledge of the defendant, and there must have been a reasonable opportunity thereafter for the defendant to have averted injury, otherwise, the negligence of plaintiff and defendant being concurrent at the time of the injury, the plaintiff's negligence is to be ·regarded as a proximate cause of the injury, and the plaintiff cannot recover.

SAME—*contributory negligence—wilful injury by defendant.*
    The rule that contributory· negligence of the plaintiff does not preclude the recovery of damages where the injury was caused by the wilful act of the defendant has no application in a case where the gravamen of the plaintiff's complaint was negligence—not wilfulness—and the case was tried on the theory of negligence on the part of the defendant.

OPINION OF THE COURT BY ROBERTSON, C.J.

This case is before the court upon a writ of error to review a judgment entered in favor of the defendant in the circuit court.

The action was one for damages for an injury alleged to have been caused by the negligent operation of a street car belonging to the defendant corporation which caused a collision between the car and an automobile belonging to and driven by the plaintiff. Paragraph VII of the plaintiff's complaint alleged,

"That the said defendant, through its agents and employees, so negligently operated said street car No. 9, by propelling the same at an unlawful rate of speed, to wit at approximately eighteen to twenty miles an hour, without sounding any bell or gong as aforesaid, and without sounding any alarm or giving any warning that the plaintiff could or did hear, and without yielding to plaintiff the right-of-way over said Merchant Street, as required by law, that said street car No. 9 was wrongfully, negligently and in utter disregard of the safety and rights of the plaintiff, and being beyond the proper control of said motorman, and without fault upon the part of the plaintiff, driven forcibly against and collided forcibly with plaintiff's said automobile and, through the force of the impact of the collision of said street car with said automobile, the plaintiff's said automobile was entirely wrecked and destroyed beyond the possibility of any repair whatsoever, and the plaintiff was thereby violently thrown and hurled against the driving-wheel of said automobile, and was thereby badly bruised, wounded and injured, all of which was in contravention of plaintiff's private rights under the law."

And paragraph VIII of the complaint alleged, "That at the time of the said collision and injuries the plaintiff acting under the authority and by the directions and instructions of said police authorities, as aforesaid, was operating his said automobile in a careful and prudent manner and said collision and resultant injuries were not

caused by any negligence whatsoever upon the part of the plaintiff, and the same could have been avoided by the use of ordinary diligence and prudence upon the part of the defendant and its agents and employees then and there running and operating said street car, and would have been avoided, had said employees of said defendant been operating said street car at the lawful rate of eight miles per hour."

The case went to trial in the court below before a jury, and at the close of the case for the plaintiff the defendant moved for a nonsuit upon the grounds that there was no evidence of negligence on the part of the defendant, that evidence which was undisputed and susceptible of but one reasonable inference showed that contributory negligence of the plaintiff was the proximate cause of the injury, and that there was a fatal variance between the allegations of the complaint and the evidence adduced in several particulars. The trial court granted the motion upon the second ground.

The evidence showed, without conflict except as to unimportant circumstances, that at about half-past ten o'clock on the night of March 6, 1917, a car of the defendant company bound down Fort street, in Honolulu, proceeded to cross Merchant street at a rate of speed between 18 and 20 miles per hour; that the motorman operating the car knew or might with reasonable diligence have known that an ambulance or automobile of some kind was also approaching the corner; that no gong was sounded; nor was any attempt made to stop or slow down at the intersection; that the plaintiff, who is a public chauffeur, and had three passengers in his machine at the time, was requested by the deputy sheriff of Honolulu to take an injured man from the vicinity of Victoria street on King street to the emergency hospital; that he proceeded along King and Merchant streets on his way to the hospital, his automobile going at the rate of about

30 miles an hour, and making no effort to slow down at street intersections; that he was steering the car with his left hand while keeping his right hand on the button which sounded a continuous blast on an extra loud horn; that the horn, on a quiet night, could be heard distinctly at least half a mile away; that upon nearing the corner of Fort street the plaintiff saw the street car come into view as it passed the building (Castle & Cooke's) on the easterly corner of the intersection; that he immediately applied the brakes, but his machine skidded along and crashed into the side of the car; that the car was damaged, the automobile demolished, and the plaintiff injured about the head and legs. There was some conflict in the testimony as to the distance the automobile was from the point of collision when the brakes were put on, one witness testifying that the plaintiff applied the brakes when about 50 or 60 feet from the car track, while the plaintiff himself said the distance was about 18 feet. We think that was unimportant. The plaintiff testified that considering the speed at which he was traveling and the condition of the street, which was smooth and dry, he could have brought the machine to a standstill in about 40 feet. Asked to describe the event, the plaintiff said, "Well, I was coming down Merchant street, with my horn on all the time, just got about Castle & Cooke, just a little further below the — past the corner, I saw the flash of the street car light, and it came so quick on me that I didn't have a chance. I applied my brakes but I didn't have a chance, and crashed at the same moment." He explained that by "the corner" he meant the rear corner of the Castle & Cooke building. Referring to the use of the brakes the plaintiff said, "That is the only chance I had, because if I had turned down I would have went with the street car and my car would have turned over on the street car," and "There was not space enough to turn up." He further

testified, "I had no chance to swerve. I would have turned my car over and killed everybody in the car if I did." The streets are rather narrow and there was evidence that the intersection in question is known among automobile drivers as a dangerous corner. There was evidence from which the jury could well have found negligence on the part of the motorman, and we agree with the circuit court that undisputed evidence adduced by the plaintiff showed contributory negligence on the plaintiff's part.

Questions of negligence, contributory negligence and proximate cause are usually for the jury to determine, but where the facts are undisputed and but one reasonable inference can be drawn from them it is the duty of the court to pass on them as questions of law. 29 Cyc. 630; *Desky* v. *Lack,* 11 Haw. 395; *Fuller* v. *Honolulu R. T. & L. Co.,* 16 Haw. 1, 11; *Dong Chong* v. *Honolulu R. T. & L. Co.,* 16 Haw. 272. The duty to observe ordinary care requires that the driver of an automobile must anticipate the possibility of meeting pedestrians or other vehicles at street crossings and have his machine under such control as may be necessary to avoid collision. *Brommer* v. *Pennsylvania R. Co.,* 179 Fed. 577; *Gregory* v. *Slaughter,* 8 L. R. A. N. S. (Ky.) 1228; *Weidner* v. *Otter,* 188 S. W. (Ky.) 335; *Rupp* v. *Keebler,* 175 Ill. App. 619; *Geiselman* v. *Schmidt,* 106 Md. 580, 585; *Lawson* v. *Fond du Lac,* 141 Wis. 57, 60. The mere sounding of a horn is not a sufficient precaution if the circumstances demand that speed be slackened or the machine be stopped. *Thies* v. *Thomas,* 77 N. Y. S. 276, 279. The evidence clearly showed that the plaintiff approached the street intersection at an excessive rate of speed, and without attempting to slow down until the street car came into view, so that it was impossible for him to either stop or turn his car so as to avert the collision. That was negligence as matter of

law, and the jury could not have said that it did not contribute to the injury. Counsel for the plaintiff seeks to avoid the force of this view of the matter by urging that a plaintiff is not always precluded from recovering damages for a personal injury on account of his contributory negligence. The rule of "the last clear chance" is invoked. "While the negligent act or omission of the person injured ordinarily defeats recovery the rule is subject to the exception or qualification that, although such person has been guilty of negligence in exposing himself to danger, yet he may recover if defendant, after knowing of such danger, could have avoided the injury by the exercise of ordinary care and fails to do so, as in such case the negligence of the person injured is not the proximate cause of the injury and the negligence of the defendant becomes the proximate cause." 29 Cyc. 530; *Ferreira* v. *Honolulu R. T. & L. Co.* 16 Haw. 615; *Hughes* v. *McGregor,* 23 Haw. 156. The decisions are not in harmony on the point whether the defendant must have seen the peril of the plaintiff or whether it is enough that he should, in the exercise of reasonable diligence, have known of it. See *Herbert* v. *Southern Pacific Co.,* 121 Cal. 227; *Cull* v. *McMillan Cont. Co.,* 178 S. W. (Mo.) 868, 871. In *Nehring* v. *Connecticut Co.,* 86 Conn. 109, 125, the court said, "Unreasonableness in one's conduct, as a foundation for responsibility to others, cannot justly be established upon the basis of knowledge not possessed. It can with propriety be predicated upon negligence in not having acquired more knowledge. Negligence in this respect, as in all others, implies the existence of a duty to make use of means of knowledge. This duty must be found in the circumstances, and caution must be exercised in order that it, with its consequences, be not raised where the circumstances do not fairly impose it, or be extended beyond the limits which the circumstances fairly justify." There was evi-

dence that the horn of the plaintiff's automobile was heard by persons on Fort street, and one witness testified that when the defendant's car had crossed King street, a block from the point of collision, he called out to the motorman .to "look out for the ambulance." Whether or not the motorman heard what was said did not appear. Under the circumstances the most that the motorman could be charged with was notice that an ambulance or automobile was approaching Fort street from one direction or the other, and he was not chargeable with knowledge that it was coming at a reckless rate of speed or that its driver would not exercise ordinary care in approaching the street intersection. The plaintiff either must have been in actual peril and unable to extricate himself, or in immediate danger of getting into peril to the knowledge of the defendant, and there must have been a reasonable opportunity thereafter for the defendant to have averted injury, otherwise the plaintiff's negligence is to be regarded as a proximate cause of the injury. The courts are in substantial accord upon the point that the rule of "the last clear chance" does not apply where, as here, the negligence of the plaintiff and defendant is concurrent at the time of the injury. 29 Cyc. 531; *Green* v. *Railroad,* 143 Cal. 31, 41; *Dyerson* v. *Railroad,* 74 Kan. 528; *Powers* v. *Des Moines City R. Co.* 143 Ia. 427, 435; *Plinkiewisch* v. *Portland R. L. & P. Co.,* 58 Ore. 499; *Scharf* v. *Railroad,* 159 Pac. (Wash.) 797; *Butler* v. *Railroad,* 99 Me. 149; *Atchison T. & S. F. R. Co.* v. *Taylor,* 196 Fed. 878; *Clark* v. *Railroad,* 24 Okla. 764; *Nehring* v. *Connecticut Co., supra,* p. 121. "If each party is negligent in failing to discover the danger, then the negligence is ordinarily concurring, and the doctrine of last fair chance does not apply." *Bruggeman* v. *Ill. Cent. R. Co.,* 147 Ia. 187, 205. Counsel for the plaintiff attempts to justify the high rate of speed at which the plaintiff was driving upon the contention that

the plaintiff having been requested by the deputy sheriff to take an injured person to the emergency hospital, his machine was an "ambulance" or a "vehicle under the control of the sheriff" within the meaning of ordinance No. 63 of the city and county. The ordinance is not in the record but, in so far as it purports to be quoted in the defendant's brief, it lends no support to the argument of plaintiff's counsel. Section 4 of the ordinance which provides that the speed rates shall not apply to "Vehicles, wagons, trucks and apparatus under the control of the chief engineer of the fire department, of the sheriff of the city and county of Honolulu, vehicles of public agencies supplying gas and electricity, and ambulances, public and private, while such vehicles are in the actual performance of duty during emergencies," provides also that "Such exemptions shall not be construed to permit reckless driving at any time." And ordinance No. 64, also referred to, which gives the right of way to private vehicles when employed in carrying sick or injured persons to hospitals provided the driver shall cause to be sounded continuously some adequate sounding device as a warning of the emergency character of its business, excepts vehicles carrying United States mails and the street cars of the defendant company.

Counsel for the plaintiff further invokes the well established rule that contributory negligence of the plaintiff does not preclude the recovery of damages where the injury was caused by the wilful act of the defendant. But a wilful act is not a negligent act, and the gravamen of the plaintiff's complaint in this case was negligence—not wilfulness. The case went to trial on the theory of negligence on the part of the motorman, and we find no evidence in the record to support a claim of wilfulness on his part.

We find no ground for a reversal of the judgment in the assignments of error relating to rulings upon evidence.

The judgment is affirmed.

*W. B. Lymer* for plaintiff in error.

*A. L. Castle (Castle & Withington* and *J. W. Cathcart* on the brief) for defendant in error.

