ANTONE G. CORREIA *vs.* MANUEL CAMBRA.

JULY 1, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is an action on the case for negligence to recover damages for injuries sustained in a collision between two automobiles at the intersection of Aquidneck and Green End avenues in the town of Middletown. In the Superior Court a verdict was directed for the defendant and the case is here on plaintiff's exceptions.

Aquidneck avenue is a main highway running in a northerly and southerly direction between Newport and Fall River. It is intersected at right angles by Green End

avenue. The plaintiff, according to his testimony, was driving his car along the latter avenue at a speed of about 15 to 20 miles an hour. He looked in both directions when he was 75 to 100 feet from the intersection and saw on his left the defendant's car about 300 feet away approaching said intersection. He did not observe the speed of defendant's car and did not look again before entering Aquidneck avenue. The rear wheels of his car were on the white line marking the center of said avenue when his car was struck by that of the defendant.

Frank Flowers, who was riding with the plaintiff, testified that he saw defendant's car come very fast along Aquidneck avenue. Another witness estimated the speed at which the defendant was proceeding as between 40 and 50 miles per hour. The plaintiff contends that he, after seeing defendant's car, formed the judgment that it was safe for him to cross Aquidneck avenue and that therefore it was a question for the determination of the jury as to whether he was in the exercise of due care in so doing.

The rule that one must look before crossing an intersecting street is not complied with by the simple act of looking. Action such as would be taken by a reasonably careful person must follow. Had the plaintiff observed the speed of the defendant's car it would have been apparent to him that there was danger of collision if he attempted to cross the intersection ahead of defendant.

The plaintiff in the case of *Jacobson* v. *O'Dette*, 42 R. I. 447 was held not to have been in the exercise of due care because he attempted to cross, without looking, a street where he should have known there was danger of collision. The instant case presents an even stronger case of contributory negligence in that the plaintiff actually saw the defendant's car approaching the intersection. Nevertheless, in the words of the trial justice: "He calmly goes ahead knowing this car is coming from his left without paying the slightest attention to it. He didn't look before he crossed the danger point of the intersection."

474

We are of the opinion that on the evidence in this case the trial justice was fully warranted in directing a verdict for the defendant on the ground of contributory negligence.

The plaintiff further contends that the defendant is liable on the doctrine of the last clear chance. This doctrine is not applicable to the facts in this case. But a few seconds elapsed between the time when the collision was imminent and its actual occurrence and the defendant did not have an opportunity to avoid the collision. *Abrams* v. *Director General of Railroads*, 111 Atl. 798; *Smith* v. *Hopkins*, 131 Atl. 542.

Under these circumstances it is clear that the defendant did not have that opportunity, on which under the doctrine of the last clear chance liability is predicated, of saving the plaintiff from the consequences of his own negligence.

The plaintiff's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict as directed.

*William A. Gunning*, for plaintiff.
*Frank F. Nolan, John H. Nolan*, for defendant.