FRANK I. SILVA *v.* SADAO OISHI.

No. 4880.

JUNE 26, 1970.

RICHARDSON, C.J., ABE, LEVINSON, JJ., MENOR, CIRCUIT JUDGE, FOR MARUMOTO, J., DISQUALIFIED, AND KABUTAN, CIRCUIT JUDGE, FOR KOBAYASHI, J., DISQUALIFIED.

OPINION OF THE COURT BY RICHARDSON, C.J.

This case arose from a two-car collision on the highway between Kahului and Wailuku on the island of Maui. Plaintiff, Frank I. Silva, claimed damages for personal

130

injuries proximately caused by the negligence of defendant, Sadao Oishi. Defendant denied that he had been negligent and also pleaded contributory negligence on the part of the plaintiff. Plaintiff responded that defendant had been grossly negligent; that defendant had violated Maui Traffic Code § 10.9 (1) (1965). prohibiting following too closely; that the doctrine of last clear chance was applicable; and that the case should be submitted to the jury on the basis of a comparative negligence rule. The trial court refused to instruct the jury on any of these last four points, and plaintiff appeals on all four points, the jury having found for the defendant.

The facts of the case material to these issues are as follows: The collision occurred on a highway at a point where there were two lanes proceeding in each direction. Plaintiff and defendant were traveling in the same direction in different lanes. Plaintiff testified that he was driving in the left-hand lane at thirty to thirty-five miles per hour, and defendant was driving in the right-hand lane, some distance behind the plaintiff. The speed limit on this part of the highway was forty-five miles per hour. Plaintiff noticed that some distance ahead of him in his lane, there were workmen in the road, and that there were traffic cones closing off the left-hand lane. He looked in his rear-view mirror and saw the defendant's vehicle a good distance behind him. He put on his right-hand blinker signal, turned his attention to the road ahead, continued for another several hundred feet, and then without looking behind again, decelerated by removing his foot from the accelerator and moved over into the right-hand lane. The impact occurred almost immediately.

The defendant testified that he had been proceeding in the right-hand lane at forty-five to fifty miles per hour. Just before the accident, he had passed through some water that was spraying across the right-hand lane from a broken

sprinkler head at the right-hand side of the roadway. He testified that he did not slow down or put on his windshield wipers at this point, but that his vision was not sufficiently impaired by the water to require him to do either of these things. Shortly after passing through the water, he saw the plaintiff move over in front of him. He slammed on his brakes and swerved to the right but was unable to avoid the collision. He testified that the plaintiff cut over suddenly and that there was nothing he could do to avoid the collision. Plaintiff testified that he had his blinker on and that the defendant crashed into him just as he completed moving into the right-hand lane.

We find that the trial court's rulings were correct on all four points and we affirm the judgment.

## I. *Comparative Negligence*

Appellant contends that a comparative negligence standard should have been applied in this case. But in the case of *Bissen* v. *Fujii*, 51 Haw. 636, 466 P.2d 429 (1970), decided by this court after this appeal had been filed, we held that the rule of contributory negligence would continue until the time that the legislative enactment on comparative negligence took effect. Accordingly, comparative negligence applies only to claims accruing after July 14, 1969. Since this claim accrued before that date, it is not governed by the comparative negligence rule.

## II. *Applicability of Maui Traffic Code § 10.9(1) (1965)*

We think that this contention of the appellant is wholly without merit since we find that the statute has no relevance to these facts as a matter of law. Where there are two lanes proceeding in the same direction, and there is one vehicle in each lane, neither can be following too closely within the meaning of the statute. These two vehi-

cles were in separate lanes until almost the moment of impact.

## III. *Gross Negligence*

We think that the trial court was correct in refusing to instruct the jury on gross negligence since we can see no substantial evidence in the record on which to base the instruction. We see no substantial evidence on which to base a conclusion that the defendant's conduct was willful or wanton, or that he recklessly disregarded the consequences that might follow from his behavior. There may have been ordinary negligence since the defendant could not remember when he first saw the plaintiff's vehicle, though conditions were good, and since there was evidence that defendant did not reduce his speed or turn on his wipers when he passed through the spray of water. The jury was instructed on ordinary negligence. We find no error in the failure to instruct on gross negligence.

## IV. *The Doctrine of Last Clear Chance*

Appellant contends that the jury should have been instructed on the doctrine of last clear chance. That doctrine states that even where the injured party was negligent in the first instance, his negligence will not defeat recovery "if it be shown that the defendant might have avoided the injury by the exercise of ordinary care and reasonable prudence." *Ferreira* v. *Honolulu R. T. & L. Co.*, 16 Haw. 615, 620 (1905). In order for the rule to apply, it must appear that either the plaintiff was in actual peril and unable to extricate himself, or in immediate danger of getting into a perilous situation to the knowledge of the defendant. Furthermore, there must have been a reasonable opportunity thereafter for the defendant to have averted the injury. Otherwise, the plaintiff's and

the defendant's negligence being concurrent at the time of the injury, the plaintiff's negligence is regarded as a proximate cause of the injury and he cannot recover. *Ferrage* v. *Honolulu R. T. & L. Co.*, 24 Haw. 87 (1917). The *Ferrage* case makes it clear that the defendant must have had *actual* knowledge of the plaintiff's peril in time to avert the accident. It is not enough that he *should* have known of plaintiff's peril in the exercise of ordinary care. *Ferrage, supra* at 92. Actual knowledge is required by the majority of American jurisdictions.[1]

The California cases exemplify this rule. In *Daniels* v. *City and County of San Francisco,* 40 Cal. 2d 614, 255 P.2d 785 (1953), the main issue on appeal was whether the trial court had been correct in refusing to instruct the jury on the last clear chance doctrine. The supreme court said the question turned on a determination of whether there was substantial evidence in the record to support the theory. It then held that there was substantial evidence to support such an instruction, but noted that the instruction would be inapplicable in cases involving two fast-moving vehicles, where the act creating the peril occurs practically simultaneously with the happening of the accident, and neither party may be said to have had thereafter a last clear chance to avoid the consequences. The court further held that such an instruction would be improper where there was no evidence to show that the defendant knew of the plaintiff's danger in time to take some action to

---

[1] *See*, for example, Brandelius v. City and County of San Francisco, 47 Cal. 2d 729, 306 P.2d 432 (1957) ; Doran v. City and County of San Francisco, 44 Cal. 2d 477. 283 P.2d 1 (1955) ; Nehring v. Connecticut Co., 86 Conn. 109, 84 A. 301 (1912) ; Powers v. Des Moines City Ry., 143 Iowa 427, 121 N.W. 1095 (1909) ; Dyerson v. Union Pacific R.R., 74 Kan. 528, 87 P. 680 (1906) ; Butler v. Rockland, Thomaston & Camden St. Ry.. 99 Me. 149, 58 A. 775 (1904) ; Morrison v. Hall, 314 Mich. 522, 22 N.W. 2d 838 (1946) ; Moses v. Mitchell, 139 Neb. 606, 298 N.W. 338 (1941) ; Plinkiewisch v. Portland Ry. L. & P. Co.. 58 Ore. 499, 115 P. 151 (1911) ; Correia v. Cambra, 51 R.I. 472, 155 A. 667 (1931) ; Parks v. Airline Motor Coaches, Inc., 145 Tex. 44, 193 S.W. 2d 967 (1946) ; Juergens v. Front, 111 W.Va. 670, 163 S.E. 618 (1932).

avoid the accident. Both of these factors, we think, are found in the present case.

Continuing the same theme, the case of *Johnson* v. *Southwestern Engineering Co.*, 41 Cal. App. 2d 623, 107 P.2d 417 (1940), held that it was reversible error to give an instruction on last clear chance unless all of the essential elements were present in the evidence. In that case, there was no evidence to show the defendant was aware of plaintiff's danger until it was too late to avoid the accident. As in the present case, it happened that "the dangerous predicament which [plaintiff] was in was due solely to the fact that he was unaware of the situation— of which [defendant] had no knowledge." *Johnson, supra* at 626. The court continues:

> After [defendant] had passed the center of the intersection, he had no reason to anticipate that [plaintiff] would continue without looking, and no reason to anticipate that he would suddenly veer from his proper course to the wrong side of the road. In the exercise of ordinary care, [defendant] was not called upon to anticipate that [plaintiff] would violate the law by failing to maintain a lookout, by driving on the wrong side of the road, and by failing to yield the right of way. *Johnson, supra* at 627.

Although today's traffic conditions make it imperative for operators of motor vehicles to "drive defensively", we do not think that any reasonable jury could find that the defendant here was obliged to foresee that plaintiff would cut over into the right-hand lane without making sure the lane was clear so that the move could be accomplished with safety. Thus, defendant's knowledge of plaintiff's peril was only acquired when plaintiff cut over, and by that time it was too late for defendant to avoid the accident by the exercise of ordinary care.

The same reasoning and analysis was also used in the case of *Rodabaugh* v. *Tekus,* 39 Cal. 2d 290, 295, 246 P.2d 663 (1952). The *Rodabaugh* case recognized that the doctrine of last clear chance is seldom applicable where there has been a collision between two fast-moving vehicles, and where the act creating the peril occurs practically simultaneously with the happening of the accident, since neither party can fairly be said to have had a last clear chance to avoid the consequences. This "chance", moreover, must have been more than a mere or bare possible chance.

Some cases have applied the doctrine of last clear chance where the defendant had no actual knowledge of plaintiff's peril, but should have known of it in the exercise of ordinary care. This, however, has been limited to cases where the plaintiff had been in a continuing position of peril over a period of time sufficient for the defendant to have seen the danger and to have avoided the accident by the exercise of ordinary care. For example, in *Jackson* v. *Cook,* 189 La. 860, 181 So. 195 (1938), the plaintiff had been drunk, tottering along the side of the road. Defendant was not keeping a proper lookout while driving and did not see the man weaving on and off the road, and collided with him. The court held that any reasonable person would have spotted the plaintiff and would have realized that special care had to be taken, because he was obviously drunk and likely to stagger onto the road at any moment. The court therefore applied last clear chance despite defendant's lack of actual knowledge of plaintiff's peril.

In the present case, far from having an opportunity to see a plaintiff already in danger, the defendant had little reason even to suspect that plaintiff would put himself in a position of danger. In any event, we hold that in Hawaii the defendant must have acquired actual knowledge of the plaintiff's peril in time to avoid the injury by the exercise of ordinary care for the last clear chance doctrine to apply. In this case, the plaintiff was not in danger until he en-

tered the right-hand lane, so that defendant could not have known of plaintiff's peril prior to that time. The evidence is clear that once the plaintiff entered the right-hand lane the defendant did not have sufficient time to avoid the accident. The parties agree that the collision occurred almost immediately after the plaintiff entered the right-hand lane. Therefore, there is no substantial evidence in the record to support an instruction on the doctrine of last clear chance. It is irrelevant whether the defendant saw or should have seen the plaintiff's vehicle at an earlier point, when the plaintiff was still in the left-hand lane. At that point, the defendant could reasonably suppose that the plaintiff would not cut over into the right-hand lane without first ascertaining that it was clear of traffic. Last clear chance has no application here and the instruction was correctly refused.

Affirmed.

*Frank D. Padgett* (*Padgett, Greeley, Marumoto & Akinaka* of counsel) for the appellant.

*George R. Ariyoshi* and *Norman H. Suzuki* for the appellee.

---

### DISSENTING OPINION OF LEVINSON, J.

I dissent.

I would reverse the case and remand for a new trial on the "pure" comparative negligence theory. In *Bissen v. Fujii*, 51 Haw. 636, 640, 466 P.2d 429, 432 (1970), I set out my view in a comprehensive dissenting opinion that ample grounds for judicial action existed to justify the adoption of some form of comparative negligence rather than contributory negligence. I further concluded that "pure," rather than "partial," comparative negligence was preferable. The majority thought differently, however, and exercised "judicial restraint" allowing contributory negligence to remain the law of Hawaii prior to the effec-

tive date of the comparative negligence statute.

By perpetuating the doctrine of contributory negligence the majority now becomes involved in the vagaries of the doctrine of "last clear chance"—an artificial doctrine which has been judicially created to mitigate the harshness of the operation of contributory negligence as a complete bar to recovery. Prosser, *Law of Torts* § 65 at 438 (3d ed. 1964).[1] If the doctrine of "last clear chance" applies the entire burden is shifted back onto the defendant who must then pay the full amount of the plaintiff's damages despite the fact that the plaintiff was negligent. Either the plaintiff gets everything or he gets nothing; no middle ground is possible under the equally absurd doctrines of "contributory negligence" and "last clear chance."

That this court should perpetuate such a result is difficult to understand in light of its ability to pioneer with new legal doctrine and its reluctance to accept legal dilemmas in other areas of the law.[2] The unacceptability of the

---

[1] Of the basis for the doctrine of last clear chance Dean Prosser, *supra* at 438, says:

The real explanation would seem to be a dislike for the defense of contributory negligence which has made the courts rebel at its application in many situations, and accept without reasoning the conclusion that the last wrongdoer is necessarily the worst wrongdoer, or at least the decisive one, and should pay. The doctrine has been called a transitional one, a way station on the road to apportionment of damages; but its effect has been to freeze the transition rather than to speed it. As an ultimate just solution, it is obviously inadequate, since, except in a few cases where a part of the plaintiff's damages have occurred before the "last clear chance," it merely transfers from the plaintiff to the defendant an entire loss due to the fault of both. [footnotes omitted].

[2] See Pickard v. City and County of Honolulu, 51 Haw. 134, 452 P.2d 445 (1969) (licensee-invitee dichotomy rejected); Loui v. Oakley, 50 Haw. 260, 438 P.2d 393 (1968) (rough apportionment among several tortfeasors allowed). See also Tamashiro v. De Gama, 51 Haw. 74, 450 P.2d 998 (1968) (parent-child immunity abolished); In re Estate of C. Q. Yee Hop, 52 Haw. 40, 469 P.2d 183 (1970) (*cy pres* doctrine used in trust violating Rule against Perpetuities); Stewart v. Budget Rent-A-Car, 52 Haw. 71, 470 P.2d 240 (1970) (strict products liability in tort adopted).

138

choice of all or no liability presented by this case should serve as a reminder that "judicial restraint" should never be allowed to cover up inequitable lacunae in the law of Hawaii.