CAROLINE E. WALL, executrix, *vs.* MASSACHUSETTS NORTH-
EASTERN STREET RAILWAY COMPANY.

Essex.    January 8, 1918. — February 28, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence*, Causing death. *Death. Release. Executor and Administrator.*

If one, who has suffered an injury by reason of the negligence of a street railway
corporation, executes and delivers to the corporation a release, stating that it
is binding upon his heirs, executors, administrators and assigns, discharging
the corporation "from any and all claims, demands, action and causes of ac-
tion, of every name and nature, that I have or might have against" it "as the
result of all injuries, either personal or property, sustained by me on . . .
[naming the date]", such release, in case of the subsequent death of the in-
jured person, does not bar an action brought by the executor of his will under
St. 1906, c. 463, Part I, § 63, as amended by Sts. 1907, c. 392, § 1; 1911, c. 635;
1912, c. 354, to enforce the penalty for causing his death by the negligent
act that caused the injury specified in the release.

TORT by the executrix of the will of Rosa A. Arnold, with a
declaration in two counts, the first for causing conscious suffering,
and the second for causing the death, of the plaintiff's testatrix
through negligence.    Writ dated July 22, 1916.

In the Superior Court the case was tried before *Sanderson,* J.,
the defendant relying on the release described in the opinion.
At the close of the evidence, it was agreed that the release was
a bar to the cause of action set out in the first count.    The judge
ruled that it also was a bar to the action set out in the second
count, ordered a verdict for the defendant and reported the case
for determination by this court, it being agreed that, if the ruling
was erroneous, judgment was to be entered for the plaintiff in the
sum of $1,500; but, if the ruling was correct, judgment was to
be entered for the defendant.

*J. J. Ryan & J. T. Fitzgerald,* for the defendant, submitted a
brief.

*A. Withington,* for the plaintiff.

BY THE COURT.    This is an action of tort under St. 1906, c. 463,
Part I, § 63, as amended by Sts. 1907, c. 392, § 1; 1911, c. 635;

1912, c. 354, in two counts; one for conscious suffering and the other for death of Rosa A. Arnold, while a passenger of the defendant in the exercise of due care, caused by the negligence of the servants of the defendant.

During her life the deceased executed a release under seal discharging the defendant "from any and all claims, demands, action and causes of action, of every name and nature, that I have or might have against said company as the result of all injuries, either personal or property, sustained by me on or about the 30th day of December, 1915. This release is not to be construed as an admission of liability on the part of said company, and is to be binding upon me, my heirs, executors, administrators and assigns." Of course the plaintiff cannot recover under her first count: the only question relates to the second count.

The action for death did not accrue to the deceased during her life. It is a penalty imposed for her death. It is a cause of action over which the deceased has no control. It does not accrue for the benefit of her estate. Although the penalty will be paid to her executrix, it will be received as trustee for her next of kin and not for the creditors of her estate. In case of recovery the executor or administrator receives the penalty for death in a different capacity from that in which he would receive damages for conscious suffering.

The release given by the deceased does not bar recovery in this action for death. The case is governed by *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566 and *Boott Mills* v. *Boston & Maine Railroad,* 218 Mass. 582, 584. See *Church* v. *Boylston & Woodbury Cafe Co.* 218 Mass. 231 and *Cripps's Case,* 216 Mass. 586. See also, apparently to the same effect, *Schlichting* v. *Wintgen,* 25 Hun, 626. Different conclusions may be reached in States where the death statutes follow the compensatory principle of Lord Campbell's Act rather than the penalty principle of our statutes. The statute under consideration in *Hecht* v. *Ohio & Mississippi Railway,* 132 Ind. 507 by express terms gave a right of action for the death of the injured person only if he "might have maintained an action had he lived."

In accordance with the terms of the report let the entry be
*Judgment for the plaintiff in the sum of $1,500.*