Strafford,
No. 5385.

GERARD L. GAUDREAU, *Adm'r v.* NORMAN GAUDREAU.

JEANNETTE GAUDREAU *v.* NORMAN GAUDREAU.

Argued November 2, 1965.
Decided December 30, 1965.

*Beamis & Davis* and *Arthur W. Hoover* (*Mr. Hoover* orally), for the plaintiffs.

*Charles F. Hartnett,* guardian ad litem (by brief and orally), for the defendant.

DUNCAN, J. In *Dean* v. *Smith,* 106 N. H. 314 (1965), this court overruled its earlier decision in *Worrall* v. *Moran,* 101 N. H. 13 (1957), and held that suits may be maintained in this state against the estate of a deceased parent on behalf of his unemancipated minor children, for injury negligently inflicted in the operation of an automobile by the decedent. The case further permitted the maintenance of actions by the mother of the minor children to enforce her own claim for medical, hospital, and nursing care of the minor children.

In the case now before us, we are urged to apply the rule of *Worrall* and of *Levesque* v. *Levesque,* 99 N.H. 147, which barred

suits by unemancipated children against their parents, to suits where the same family relationship exists, but the positions of the parties are reversed. Here one action is brought by the representative of the father's estate to recover for the father's wrongful death allegedly resulting from the negligent operation by his son of an automobile owned by the father. In the second action, the defendant's mother seeks to recover for injuries suffered by her as a result of the same negligent conduct.

Substantial authority may be found for the proposition that the wrongful death action may be maintained. Infants are in general liable for their own torts, even though the standard of care imposed upon them takes into account their age and stage of development. *Charbonneau* v. *MacRury*, 84 N. H. 501. See *Cnaeps* v. *Brown*, 101 N. H. 116, 118; *Smith* v. *Bailey*, 91 N. H. 507. No reason, founded upon any supposed immunity arising out of the relationship of parent and child, exists to prevent maintenance of the action where the parental relationship has been terminated by death. *Dean* v. *Smith, supra,* 317. See *Worrall* v. *Moran,* 101 N. H. 13, 16-17. Thus even in jurisdictions where it is held that a suit by a mother against her unemancipated minor child is precluded because "repugnant to the prevailing sense of propriety," it has been held that a suit by the mother in a representative capacity to recover for the death of the father may be maintained. *Oliveria* v. *Oliveria,* 305 Mass. 297. Accord, *Logan* v. *Reaves,* 209 Tenn. 631. See comment, 48 Iowa L. Rev. 748; Annot. 60 A.L.R. 2d 1284, 1290.

No statute or judicial decision of this jurisdiction precludes the maintenance of an action against an unemancipated minor for the wrongful death of his parent as the result of the minor's negligent operation of a motor vehicle. In the light of the considerations which prompted our decision in *Dean* v. *Smith, supra,* we see no reason to announce any such rule now.

Such authority as is to be found in decided cases is opposed to the maintenance of the suit by the mother against her minor son. In 1951 this court held in *Rines* v. *Rines,* 97 N. H. 55, that under the law of Maine, which was thought to be in accord with the weight of authority, a mother could not maintain an action for injuries suffered as a result of the negligent operation of an automobile by her unemancipated minor son. This conclusion was consistent with the decided cases. Annot. 60 A.L.R. 2d 1284, *supra.*

The cases forbidding such actions rest upon the same considerations which prompt a like holding in suits by a child against a parent. It is said that they would be disruptive of family harmony, and in derogation of parental discipline and control. See *Dunlap* v. *Dunlap,* 84 N. H. 352; Annot. 60 A.L.R. 2d 1284, *supra,* 1286, 1287. Yet as McCurdy has pointed out in "Torts Between Parent and Child," 5 Vill. L. Rev. 521, 537, in the case of parent against child: "Danger to parental discipline and control is hardly a reason unless it should be considered that such action would breed disrespect."

As in the case of the pending wrongful death action, no statute or decision in this jurisdiction establishing our own law upon the subject presently stands in the way of maintenance of the action by the mother. If suits to recover for the wrongful death of a parent (*Oliveria* v. *Oliveria, supra*) or for injury to a spouse (*Maryland Casualty Co.* v. *Lamarre,* 83 N: H. 206) or to recover for injury or death caused to minor brother and sisters (which are universally permitted: Annot. 81 A.L.R. 2d 1155, 1157) are not so disruptive of family unity as to preclude their maintenance, we can discern no reason to conclude that a suit by a mother against her minor son should be any more deleterious.

As the Connecticut court recently observed in holding that actions between minor brothers and sisters are not precluded, the authorities generally in the field of intra-family suits are a "conglomerate of paradoxical and irreconcilable judicial decisions." *Overlock* v. *Ruedemann,* 147 Conn. 649, 654. In the language of that court, we "find nothing to support the claim that public policy prevents [a parent] from recovering damages for the negligence of his [or her] unemancipated minor [child]." *Id.,* 655. See also, *Rozell* v. *Rozell,* 281 N. Y. 106.

"In order for a right commonly enjoyed by individuals generally to be denied to a particular class upon [the] ground [of public policy] a pretty clear case ought to be demanded." *Dunlap* v. *Dunlap,* 84 N. H. 352, *supra,* 365. The statutory provisions to which the defendant calls our attention serve to indicate a legislative policy to protect infants and minors in a variety of ways. They fall short, however, of establishing a "pretty clear case" for affording the minor defendant immunity from liability for his torts, or for denying his mother's right to redress.

In fine, no "basis for the application of a bar" to the plaintiff's right to redress is thought to exist in either action transferred. *Dean* v. *Smith,* 106 N. H. 314, 318.

*Remanded.*

BLANDIN, J., concurred specially; the others concurred.

BLANDIN, J., *concurring specially*: I did not take part in the decision of *Dean* v. *Smith,* 106 N. H. 314 but I believed then as now that in the interest of stability and consistency in our jurisprudence we should have left the matter to the Legislature in accordance with our previously established policy. *Levesque* v. *Levesque,* 99 N. H. 147, 149; *Worrall* v. *Moran,* 101 N. H. 13, 14.

However the *Dean* case is now our law and the present holding seems to me a logical and indeed inevitable extension of the rationale of the *Dean* decision. For this reason I concur in the opinion.