**B. L. LITTLETON, Appellant,**

v.

**Wayne JORDAN, Administrator et al.,
Appellees.**

**No. 7863.**

Court of Civil Appeals of Texas.

Texarkana.

April 30, 1968.

Rehearing Denied May 14, 1968.

Cahill Hitt, Victor Hlavinka, Atchley, Russell, Hutchinson & Waldrop, Texarkana, for appellant.

Sidney Lee, Raffaelli, Lee & Hawkins, Texarkana, for appellees.

CHADICK, Chief Justice.

B. L. Littleton owns and operates a stock farm of approximately 300 acres in Bowie County, Texas. Wayne Hunnicutt, Sr., was a farm employee with the duty to assist with management and do some farm labor. In addition to compensating him for his work, Littleton furnished Hunnicutt and his family a house on the farm. The house was resided in by the Hunnicutts at all times pertinent to this action. On the afternoon of October 16, 1965, Mr. Hunnicutt loaded a small amount of stock feed on Mr. Littleton's truck at one barn and drove by and stopped at his place of residence on his way to another barn to pick up additional feed. Mr. Hunnicutt parked the truck at the rear of the house near a patio, where at the time his four year old daughter and 23 months old son, Wayne, Jr., were playing.

Mr. Hunnicutt entered the house, followed by his young daughter. After a brief stay he returned to the truck, and according to his testimony, noticed as he passed that Wayne, Jr., was still at play in the patio. As he drove off he felt a jolt and being apprehensive of its cause he stopped. On investigation he discovered a rear wheel of the truck had passed over the head of his son, Wayne, Jr. The child was immediately rushed to a hospital and given medical attention. The mother and father testified the child remained conscious and underwent severe pain until relieved by death seven days later.

In harmony with a jury verdict on special issues the trial judge entered a judgment awarding a recovery to plaintiff Wayne Jordan, Administrator of the estate of the deceased child, Wayne Hunnicutt, Jr., from defendant B. L. Littleton in the total amount of·$10,741.00, together with costs. Itemized, the award was $10,000.00 for physical pain and mental anguish, $616.00 medical, surgical and hospital expense, and $125.00 burial expense. The sufficiency of the evidence to support the jury's verdict on the several issues submitted is not questioned. The employer, B. L. Littleton, is required by the judgment to pay the damages specified as a result of the negligence of his employee, Wayne Hunnicutt, proximately causing injury to the employee's minor child, Wayne Hunnicutt, Jr. In short, liability for such damage is founded upon the principle respondeat superior.

The salient legal question to be decided in this appeal is whether or not the estate of a deceased unemancipated minor child may recover damages for the child's physical pain, mental anguish, medical, surgical and burial expense from the employer of the deceased child's father when the father's negligence, proximately causing such damage to the child, occurred in the course and scope of the father's employment. To further isolate the issue notice should be taken that Texas courts presently appear to be committed to the general rule that a parent is not legally liable for and is immune to suit on the part of his unemancipated minor child grounded upon the parent's tortious (ordinary negligence) con-

duct proximately causing the child personal injury and damage. Aboussie v. Aboussie, 270 S.W.2d 636 (Tex.Civ.App. Fort Worth 1954, writ ref'd); Baylor University: Van Broekhoven, Intrafamily Immunity—The Doctrine and its Present Status, 20 Baylor L.Rev. 27 (1968); 31 Tex.Jur. Parent and Child § 6 (1936). In this, the case on appeal, the father is not named as a party to the suit in any capacity, either as plaintiff, defendant, or otherwise.

Various text writers have considered the question that must here be decided and the cases from all jurisdictions bearing upon it, and agree generally that the parent's immunity does not bar an action in the child's behalf against the parent's employer. Prosser, The Law of Torts, § 116 (1964), says:

> (p. 890) "In the jurisdictions which deny the action where only members of the family are concerned, further dispute has arisen as to the liability of third parties. * * * [A]s to liability which is purely vicarious, such as that of an employer of a — father for injury to — [the employee's] child, the courts were for a long time divided. The older, but now almost entirely obsolete view denied recovery in such a case, arguing first that since the master's liability is founded on the servant's tort, he should not be liable where the servant is not; and second, that the master's right of indemnity against the servant would circumvent the domestic immunity, and defeat it by throwing the ultimate loss upon the servant. The first argument confuses immunity from suit with lack of responsibility—the servant has committed a tort which by ordinary rules of law should make the master liable, and there is no reason to include the latter within the purely personal immunity of the family. The second misses the point that the master's recovery over against the servant is not based upon any continuation of the original domestic claim, but upon the servant's independent duty of care for the protection of the master's inter-

ests; and that if protection of the servant is still the sine qua non, it can always be accomplished merely by denying the indemnity.

"Accordingly the overwhelming majority of the courts now hold that the employer is liable even though the servant is immune from suit. * * * *"

See also 57 C.J.S. Master and Servant § 569; 35 Am.Jur., Master and Servant § 533; 39 Am.Jur., Parent and Child § 91; and Restatement of the Law of Agency, § 217 (1933); 1 A.L.R.3d Anno. Liability of Employer for Injury to Wife or Child of Employee Through Latter's Negligence, §§ 7, 8, and 9.

The appellant's brief opens argument for reversal with the statement that: "Appellant's position before this court is founded, principally, upon the rule expounded by the Supreme Court in Blossom Oil & Cotton Co. v. Poteet, [104 Tex. 230] 136 S.W. 432 [35 L.R.A.,N.S., 449] (Texas 1911)." The plaintiff's theory of recovery in Blossom was that the mill owner was liable in damages to an injured child because the mill's employee, the father of the injured unemancipated minor child, "neglected the duty which * * * the law imposed on him of using reasonable care to prevent the injury" to the child. That this was the ultimate theory of recovery considered in the case is borne out by the following quotation from the forepart of the Supreme Court's opinion, to-wit:

> " * * * It is not contended, nor do the facts even tend to show, that she was injured by the act or negligence of any servant, agent, or employe of the oil mill. The most that can be claimed is, that her father, a servant of the mill, neglected the duty which it is claimed the law imposed on him of using reasonable care to prevent the injury."

Thereafter the court states the question being decided in this language, viz.:

> "Therefore the question comes to this, as submitted by plaintiff in error and copied into the opinion of the Court of

Civil Appeals on motion for rehearing * * *: 'Under the evidence exhibited by the record, is it possible that the court can hold that the mother, over the protest of the mill management, can bring her child into the mill where the father is employed as a day laborer, and who also has been told not to allow the child to enter, and thereby impose the duty on the mill owner to watch over and care for her to see that she does not voluntarily injure herself.' This is, as we conceive, the issue in the case and on its proper determination must rest the rights of the parties."

The composition and complexity of the Blossom opinion is proof against a quick, easy, positive or succinct expression of the law it declares. The Supreme Court held there was no evidence of negligent conduct on the part of the mill owner or employees proximately causing injury to the child. But in reaching that conclusion the court determined as a matter of law that the injured four and one-half year old child was brought on the mill's premises by its parents in violation of the mill owner's instruction to them not to do so; that the child was a "mere licensee on the mill's premises"; and that under such circumstances, while the child was in the immediate custody and control of its parents who had the duty to care for and protect it from harm, the law imposed no duty on the mill owner to care for and watch over the child to "see that the child does not voluntarily injure itself" unless it became known to the mill owner that the parents had abandoned the child and danger to it had become apparent. The court's opinion explained its judgment in this way, to-wit:

" * * * In order to hold the oil mill liable, there must be evidence of negligence, and that its conduct in the circumstances appearing in the case was violative of some duty which the law imposed on it. So situated, might it not trust to the protection which both law and duty would assure? The duty to protect the child in the possession and under the immediate control of both the father and mother is both legal and moral and is continuing and affirmative, and, at least until it is known that they have abandoned the child and its danger becomes apparent, the master is not liable * * * "

The most prominent feature distinguishing the case at bar from Blossom is that the Hunnicutt child was on the premises and at the site of the accident with the tacit permission of its father's employer, Littleton. This court concludes that Blossom is distinguishable on the facts, and does not rule the case on appeal.

■ There are other reasons, many noted in the above cited texts and quotations therefrom, why courts in other jurisdictions have for reasons of public policy denied a recovery for injuries to a child under similar circumstances. Perhaps the most forceful and practical argument against affirmance of the case at hand is this: Under the record presented the father will share in the recovery awarded the deceased intestate minor's estate in accordance with the provisions of the Law of Descent and Distribution, Tex.Prob.Code Ann. § 38 (1956), V.A.T.S., and will benefit financially, or stands to do so, from his own negligent conduct. In this connection attention is again directed to the fact that there is no pleading in this case by the employer Littleton for recovery of indemnity from the employee Hunnicutt, and the question of indemnity is not in that manner presented for determination in this appeal. The question of indemnity comes in only as an argument in support of a policy that would deny the child's legal representative a recovery against the father's employer. This court is persuaded it should follow the rule that Prof. Prosser says is followed by the overwhelming majority of the courts, and to hold the employer liable, even though the employee is immune.

The opinion filed March 26, 1968, is withdrawn and the foregoing substituted for it. The judgment of the trial court is affirmed.