Herbert WALLACE, Appellant,

v.

Sammy Dean WALLACE, Appellee.

No. 4467.

Court of Civil Appeals of Texas, Eastland.

April 16, 1971.

Rehearing Denied May 7, 1971.

George Busch, Laurence L. Priddy, Fort Worth, for appellant.

George R. Edwards, Dallas, for appellee.

McCLOUD, Chief Justice.

The question to be decided is whether a father may sue his unemancipated minor child for personal injuries sustained by the father as a result of ordinary negligence of the minor. Appellant, Herbert Wallace, alleged he was injured when appellee, Sammy Dean Wallace, appellant's unemancipated minor son, negligently backed a car belonging to appellant out of a private drive and struck appellant. The trial court granted appellee, the minor son a summary judgment on the ground that no cause of action for ordinary negligence will lie between a parent and an unemancipated minor child. We agree.

We find no Texas case discussing the immunity doctrine when the suit is by a parent against an unemancipated minor child. However, the courts of Texas have decided that an unemancipated minor child cannot sue its parent for damages based on acts of ordinary negligence.

In Garza v. Garza, 209 S.W.2d 1012 (Tex.Civ.App.1948, no writ) the court had before it the question of whether or not children whose father had deserted them had a cause of action against the father for loss of his society, love, companionship and guidance. In holding that the children had no cause of action against their father

the court cited 20 R.C.L., page 631 as authority and announced the rule as follows: "It is well established that a minor child cannot sue his parent for a tort. The peace of society, and of the families composing society, and a sound public policy, designed to subserve the repose of families and the best interest of society, forbid to the minor child a right to appear in court in the assertion of a claim to civil redress for personal injuries suffered at the hands of the parent." The court then concluded: "Although the plaintiffs are not suing for personal injuries, certainly if they could not recover for tort committed against them by their father, they could not recover for the loss of his society * * *."

The court in Aboussie v. Aboussie, 270 S.W.2d 636 (Tex.Civ.App.1954, writ ref.), was concerned with the family immunity doctrine in a suit by a minor child against its parent for personal injuries. After pointing out that there was no pleading or evidence of wilful, malicious, wanton or intentional wrongdoing on the part of the parent, the court denied recovery and said: "We believe that the peace and tranquility of the home and the best interest of minor children will be subserved by following the general rule that an unemancipated minor child cannot sue its parent for damages based on acts of ordinary negligence." The court continued: "The minor unemancipated child is suing her father. Even though he is in partnership with his brother and sister the suit is necessarily against him as an individual. Minor daughter is arrayed in court against father. There are God-given ties of love, loyalty and devotion between parents and children that do not exist between the children and other people. We do not think these ties should be cut asunder or endangered by permitting a minor unemancipated child to sue its parent for damages based on ordinary, unintentional negligence."

The leading case, and the one most often cited, concerning the right of an unemancipated minor child to sue a parent in a tort action is Hewellette v. George, 68 Miss.

703, 9 So. 885, 13 L.R.A. 882, decided by the Supreme Court of Mississippi in 1891. In that case a minor daughter had sued her mother for damages for placing her in an *insane asylum.* The Court held: " * * * no such action as this can be maintained. The peace of society, and of the families composing society, and a sound public policy, designed to subserve the repose of families and the best interest of society, forbid to the minor child a right to appear in court in the assertion of a claim to civil redress for personal injuries suffered at the hands of the parent." Similarly, in the early North Carolina case of Small v. Morrison, 185 N.C. 577, 118 S.E. 12, 31 A.L.R. 1135, cited with approval *in Aboussie, supra,* it is said: " * * * From the very beginning, the family in its integrity has been the foundation of American institutions, and we are not now disposed to depart from this basic principle. * * * Hence, in a democracy or a polity like ours, the government of a well-ordered home is one of the surest *bulwarks against the forces that make for social disorder and civic decay * * *.*" See Barlow v. Iblings, 156 N.W.2d 105 (S.Ct. Iowa 1968) for an extensive review of case law and authorities.

■ In view of Aboussie v. Aboussie, supra, we think that Texas courts are presently committed to the general rule that an unemancipated minor child cannot maintain an action grounded upon ordinary negligence against a parent. See also Littleton v. Jordan, 428 S.W.2d 472 (Tex.Civ.App. 1968, writ ref.); City of Houston v. Watson, 376 S.W.2d 23 (Tex.Civ.App.1964, writ ref. n. r. e.).

We now turn to the question of whether a parent can maintain an action grounded upon ordinary negligence against an unemancipated minor child. In 60 A.L.R.2d 1285 the general rule is stated as follows:

"Although there is some authority to the contrary, the overwhelming majority of the cases sustain the view that a parent or his representative cannot maintain an action in tort against an unemancipated minor child, at least in the absence of a statute conferring such right, the reasons advanced for the rule being the necessity for the encouragement of family unity and the maintenance of family discipline, which are also the reasons advanced for the majority rule forbidding a minor child to maintain a tort action against its parent."

The Supreme Court of New Mexico in Nahas v. Noble, 77 N.M. 139, 420 P.2d 127 (1966) while upholding the immunity doctrine stated: "Suits by a parent against a child tend to disrupt the family relationship because of the antagonism implicit in such suits. Schneider v. Schneider, 1930, 160 Md. 18, 152 A. 498, 72 A.L.R. 449. There is an inconsistency between the parent's position as a natural guardian of the child and the parent's position as plaintiff demanding damages from the child. Shaker v. Shaker, 1942, 129 Conn. 518, 29 A.2d 765. * * * It is repugnant to the prevailing sense of propriety that a mother should bring an action at law against her own minor child, * * * Oliveria v. Oliveria, 1940, 305 Mass. 297, 25 N.E.2d 766."

■ Appellant forcefully attacks the immunity doctrine and points out that such immunities have never been applied to property rights. Furthermore, there is no immunity if the child is of legal age. Satterfield v. Satterfield, 448 S.W.2d 456 (Tex. 1969). Likewise, suit is allowed if the act involves a wilful, malicious, wanton or intentional wrongdoing, Aboussie v. Aboussie, supra; and if the parent is negligent toward the child in the course of the parent's employment, the child may recover from the employer even though. he could not recover from the parent. Littleton v. Jordan, supra. Appellant says that these exceptions to the general rule serve to il-

lustrate more than anything else that the general rule is unsound.

■ Appellant further states that several jurisdictions have taken a new look at the problem of parent-child and child-parent immunity and have abrogated the doctrine. Gelbman v. Gelbman, 23 N.Y.2d 434, 297 N.Y.S.2d 529, 245 N.E.2d 192 (1969); Gaudreau v. Gaudreau, 106 N.H. 551, 215 A.2d 695 (1965); Vickers v. Vickers, 109 N.H. 69, 242 A.2d 57 (1968); Goller v. White, 20 Wis.2d 402, 122 N.W. 2d 193 (1963); Hebel v. Hebel, 435 P.2d 8 (Alaska, 1967); Tamashiro v. DeGama, 450 P.2d 998 (Hawaii, 1969); Streenz v. Streenz, 106 Ariz. 86, 471 P.2d 282 (S.Ct. Ariz.1970); France v. A.P.A., 56 N.J. 500, 267 A.2d 490 (1970). Often when the immunity doctrine is abrogated it is pointed out that family harmony is not disturbed where there is liability insurance coverage. In discussing the effect of liability insurance the court in Goller v. White, supra, stated: "* * * the mere fact that the particular defendant-parent is protected by liability insurance does not enable his minor child to maintain an action when, in the absence of such insurance, he could not otherwise maintain it. Anno. 19 A.L.R.2d 423, 435–436. Nevertheless, we consider the wide prevalence of liability insurance in personal injury actions a proper element to be considered in making the policy decision of whether to abrogate parental immunity in negligence actions. This is because in a great majority of such actions, where such immunity has been abolished, the existence of insurance tends to negate any possible disruption of family harmony and discipline."

Our Supreme Court has not abrogated the immunity doctrine announced in Aboussie. The reasons for invoking the doctrine should apply with equal force whether the suit is one by an unemancipated minor child against its parent or a parent against its unemancipated minor child.

The judgment is affirmed.