**Deborah LANGLEY, Appellant,**

v.

**NATIONAL LEAD COMPANY a/k/a N.L. Industries, Inc., and Larry G. Langley, Appellees.**

No. 08–83–00091–CV.

Court of Appeals of Texas,
El Paso.

Feb. 8, 1984.

Rehearing Denied March 7, 1984.

Dennis R. Burrows, Wagonseller, Cobb, Burrows & Snuggs, Lubbock, for appellant.

Ivan R. Williams, Little & Palmer, Big Spring, Cecil Kuhne, Crenshaw, Dupree & Milam, Lubbock, for appellees.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This appeal is from separate summary judgments granted the defendant employee and his defendant employer in a personal injury suit by the wife of the employee. Involved is the question of whether a wife may maintain an action against her husband and/or his employer for injuries received as a result of the negligence of the employee husband while acting in the course and scope of his employment. We reverse and remand.

Summary judgments in this case were based solely on the law applicable to the pleadings of the parties so for purposes of review, we assume to be true the fact that the plaintiff wife sustained injuries while riding in a pickup operated by her defendant husband while he was in the course and scope of his employment with the defendant National Lead Company. Liability of both defendants is predicated on the husband's negligence and the master-servant relationship. Both defendants filed motions for summary judgment on three theories: (1) interspousal immunity; (2) the Guest Statute; and (3) recovery for medical expenses and loss of earnings would constitute community property for which the husband could not recover for his own negligence.

Under the doctrine of interspousal immunity, Texas does not permit spouses to recover from each other for negligently inflicted injuries, but under the holdings of our Supreme Court in *Bounds v. Caudle*, 560 S.W. 925 (Tex.1977), the doctrine no

longer bars claims for intentional torts committed between spouses. Therefore, the doctrine of interspousal tort immunity will be applied in cases of ordinary negligence while excepting instances where an intentional tort has been committed. *Robertson v. The Estate of McKnight*, 591 S.W.2d 639 (Tex.Civ.App.—Tyler 1979), rev'd on other grounds, 609 S.W.2d 534 (Tex.1980). In the case before us then, the husband has immunity for the claims of ordinary negligence on the part of the wife. National Lead urges that because its liability as master arises from the negligence of its servant and he is not liable under the rule of interspousal immunity, then it cannot be liable. The theory of respondeat superior or vicarious liability is based upon acts of an employee which fall within the scope of the general authority of the employee so long as the acts are in furtherance of the employer's business and for the accomplishment of the object for which the servant or employee was hired. *Leadon v. Kimbrough Brothers Lumber Company*, 484 S.W.2d 567, 569 (Tex.1972). As indicated, whether or not the Appellee Larry Langley was acting within the scope of his employment is not at issue in this appeal.

The question of whether an employer can claim immunity from suit when its negligent servant possesses interspousal immunity has not been decided in Texas. The majority of jurisdictions that have considered the question have held or recognized that an employer is liable to his employee's wife for an injury caused by the negligence of her husband while acting within the scope of his employment even though the employee is personally immune from suit by his wife. 1 A.L.R.3d 677, 689 (1965). And the rule finds support in Prosser, Torts 2d ed., sec. 101, 678 (1955); 53 Am.Jur.2d, Master and Servant, sec. 405, 412 (1970); 41 Am.Jur.2d, Husband and Wife, sec. 530 (1968). The rule also finds support in The Restatement of The Law 2d, Agency, Second, sec. 217(b)(ii) (1958) and The Restatement of The Law 2d, Torts, Second, sec. 880 (1982).

■ Cases involving the rights of an unemancipated minor to recover against the employer of his parent for injuries caused by the parent's negligence in the course of his employment, where the parent was immune from suit by the child, have generally been regarded as analogous to those concerning an injury to the wife of an employee. 1 A.L.R.3d, Employee's Wife or Child—Injury, sec. 3, 683 (1965). In three cases, Texas courts have held that an employer cannot avail himself of his employee's parental immunity. *Farley v. M M Cattle Company*, 529 S.W.2d 751 (Tex.1975); *Felderhoff v. Felderhoff*, 473 S.W.2d 928 (Tex. 1971) and *Littleton v. Jordan*, 428 S.W.2d 472 (Tex.Civ.App.—Texarkana 1968, writ ref'd). We are of the opinion that the same rule should apply to interspousal immunity as that applied by the courts to parental immunity. The legal principles and public policy considerations involved are not so different as to give reason to permit recovery by one and deny it to the other. In *Littleton v. Jordan*, supra, is found the answer to National Lead's argument that since the master's liability is founded on the servant's tort, he should not be liable where the servant is not, where the court quoted from Prosser, The Law of Torts, sec. 116 (1964):

> The first argument confuses immunity from suit with lack of responsibility—the servant has committed a tort which by ordinary rules of law should make the master liable, and there is no reason to include the latter within the purely personal immunity of the family.

The tort is complete by itself by the husband acting in his business as distinguished from acts which arise from the discharge of normal spousal duties and responsibilities. In *Schubert v. August Schubert Wagon Company*, 249 N.Y. 253, 164 N.E. 42 (1928), Justice Cordozo said:

> A trespass, negligent or willful, upon the person of a wife, does not cease to be an unlawful act, though the law exempts the husband from liability for the damage....

Both defendants pled the Guest Statute, that because Appellant was a guest of Appellee she was charged with his negligence and cannot recover. Under the Guest Statute, Tex.Rev.Civ.Stat.Ann., art. 6701b (Vernon 1977), a passenger is indeed charged with the negligence of the driver unless the driver's negligence is equivalent to heedless and reckless disregard for the rights of others. The plaintiff wife pled such heedless and reckless disregard in this case, and the defendants did not respond to it in their summary judgment proof and made no effort to show that as a matter of law that theory of recovery was foreclosed. *Glenn v. Prestegord,* 456 S.W.2d 901 (Tex. 1970). Neither summary judgment can be upheld on the guest theory.

The wife also alleged that Langley by his course of conduct knowingly and intentionally injured her. Under *Bounds v. Caudle,* supra, this stated a cause of action against the husband; again, as in the case of the Guest Statute, no summary judgment proof was offered to overcome this contention as a matter of law. *Glenn v. Prestegord,* supra. The summary judgment cannot be upheld for the husband on the basis of the intentional tort claim; nor can it be upheld for the employer National Lead on its claim in this Court that an employer is not responsible for the intentional torts of his employees. That contention was not made a part of the summary judgment. To the contrary, National Lead's only mention of intentional tort in the trial court was to lodge an exception to the plaintiff's petition on the ground that it did not plead an intentional tort.

Nothing is presented for review by National Lead's contention that recovery by plaintiff for medical expenses, lost earnings or "any other damages constituting community property" is precluded; because, at this point, we are dealing only with the pleadings and they are of a general nature and do not specify any possible items of recovery as being community or separate. Only abstract propositions of law are presented and specific matters are not ripe for determination.

The judgments of the trial court granting summary judgment for each of the defendants are reversed and the case is remanded for trial on the merits.